IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 6, 2002

## STATE OF TENNESSEE v. DEANDRE M. BROADEN

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 99-06360, 99-06361     James C. Beasley, Jr., Judge**

---

**No. W2001-03100-CCA-R3-CD - Filed December 20, 2002**

---

Defendant, Deandre M. Broaden, was indicted by the Shelby County Grand Jury for possession of marijuana and for possession of cocaine with intent to sell. Defendant pled guilty to both offenses, and the trial court sentenced him to four years probated under the Community Corrections Act of 1985. Defendant violated the conditions of his sentence, and the trial court resentenced him to five years confinement, crediting him four months for time served in community corrections until the date of his first violation. On appeal, Defendant argues that he should have received full credit for the amount of time served up until the filing of the petition seeking revocation of his community corrections sentence. We agree. We affirm the judgment of the trial court with respect to the revocation of Defendant's community corrections sentence and the new sentence of five years, but reverse the trial court's order insofar as it provides only four months of credit. We remand this case for entry of an amended judgment consistent with this opinion.

**Tenn. R. App. P. 3, Appeal as of Right;**
**Judgment of the Criminal Court Affirmed in part and Modified in part and Remanded**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and JOHN EVERETT WILLIAMS, JJ., joined.

AC Wharton, Jr., Shelby County Public Defender; Garland Erguden, Assistant Public Defender; and Robert H. Gowan, Assistant Public Defender, Memphis, Tennessee, for the appellant, Deandre M. Broaden.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; William L. Gibbons, District Attorney General; and David Sharpiro, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On October 4, 1999, Defendant pled guilty to possession of marijuana, a Class A misdemeanor, and possession of cocaine with intent to sell, a Class B felony. Defendant petitioned

the trial court to sentence him, under the Tennessee Community Corrections Act of 1985, to four years for his felony conviction and eleven months and twenty-nine days for his misdemeanor conviction, to be served concurrently. On November 4, 1999, the trial court sentenced Defendant in accordance with his request and ordered that Defendant serve his sentence in the community corrections program, instead of in incarceration.

On November 8, 2000, the community corrections officer filed a Petition for Revocation of Sentence, alleging that Defendant violated the conditions of his sentence, which was apparently not served on Defendant until October, 2001. On December 12, 2001, a revocation and sentencing hearing was held, at which the assistant program director for Correctional Alternatives testified that Defendant committed the following violations: On July 28, 2000, Defendant was arrested for charges of forgery and possession of cocaine with intent to sell; Defendant tested positive for morphine use during a random drug screening on April 17, 2000; Defendant forged the number of community service hours he performed in January and February 2000; and Defendant was one month behind in the payment of required supervision fees and had several curfew violations. At the sentencing hearing, Defendant testified that he had been shot on September 12, 2000, and after leaving the hospital, he took some of his mother's pills for back pain. Defendant also signed a statement of admission to having taken his mother's pain pills. The trial court noted, however, that the drug test was administered in April, 2000, and Defendant was shot and hospitalized the following September.

At the conclusion of the hearing, the trial court reviewed Defendant's presentence report, noting an arrest for possession of drug paraphernalia in 1992, drug convictions in 1993 and 1997, for which Defendant was given probation, a driving conviction in 1996, a vandalism charge and a disorderly conduct conviction in 1998, and separate drug and weapon offenses convictions in 1999. Finding that Defendant has an extensive history of criminal behavior and convictions in addition to those for which Defendant was sentenced, an enhancement factor under Tenn. Code Ann. § 40-35-114(1), the trial court revoked Defendant's probation and increased Defendant's sentence to five (5) years confinement, as a Range I standard offender, pursuant to its authority under Tenn. Code Ann. § 40-36-106(e)(4) (1997). The trial court denied Defendant's request for credit for time served from November 3, 1999, the effective date of his original sentence, until November 8, 2000, the date the revocation petition was filed. The court gave Defendant four months credit for time served while on community corrections, explaining that the first violation occurred in April, 2000. We note, at the outset, that even if the trial court had been correct in crediting Defendant for time served up until his first violation in April, he would be entitled to at least five months credit rather than four.

A trial court may, in its discretion, revoke a community corrections sentence upon finding by a preponderance of the evidence that the defendant has violated the conditions of his sentence. *See* Tenn. Code Ann. §§ 40-36-106(e)(3)(B), -311 (1997); *see also State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Upon revocation, the trial court may impose a new sentence, to be served in confinement, for a term longer than the original sentence. Tenn. Code Ann. § 40-36-106(e)(4) (1997); *Harkins*, 811 S.W.2d at 82. On appeal, the trial court's order, insofar as it revokes Defendant's community corrections sentence, is subject to reversal only upon a showing of abuse of discretion. *Harkins*, 811 S.W.2d at 82.

Defendant does not contest the trial court's revocation of his community corrections sentence, nor does he contest the increase in his sentence. Defendant argues only that he should receive full credit for time served in community corrections pursuant to Tennessee Code Annotated § 40-36-106. We agree. The statute provides:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant..., and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, *less any time actually served* in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4) (1997) (emphasis added).

The granting of credit for time served is mandated by statute and is not discretionary. *See State v. Victor Lofton*, 1997 Tenn. Crim. App. LEXIS 985, No. 02C01-9611-CC-00427 (Tenn. Crim. App. at Jackson, October 2, 1997), *no app. to appeal filed*. In its brief, the State concedes that Defendant should have been credited for the full amount of time served. The trial court ordered Defendant to serve his community corrections sentence, effective November 3, 1999. The petition for the revocation of his sentence was filed November 8, 2000. Defendant should receive 372 days credit for time served in community corrections.

## CONCLUSION

We conclude that the trial court properly exercised its authority to resentence Defendant under Tenn. Code Ann. § 40-36-106(e)(4) (1997). We therefore affirm the trial court's revocation of Defendant's community corrections sentence and imposition of a five-year sentence. We conclude, however, that Defendant is entitled to full credit for time served in community corrections, which includes time served from the date of his original sentence until the filing of the revocation petition. This case must be remanded for entry of a modified judgment reflecting 372 days credit for time spent in the community corrections program. Therefore, the case is remanded for immediate entry of a modified judgment consistent with this opinion.

_____
THOMAS T. WOODALL, JUDGE